

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Grover Sellers
XXIXIXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-5820
Re: Construction of S.B. No. 8 of the Regular Session, 48th Legislature, amending Article 4740, R.C.S., and incidental questions.

Your request for an opinion on the above subject matter, is as follows:

"According to the General and Special Laws of Texas, 48th Legislature, Regular Session, 1943, Life Insurance Companies - Deposits of Securities, Chapter 125, S.B. No. 8, Page 206. An Act to amend Article 4740. Revised Civil Statutes of 1925, was passed which reads, in part, as follows:

"'The physical delivery of such securities to the Board of Insurance Cimmissioners shall be sufficient without being accompanied by a written transfer of any lien securing them.'

"Since this Department holds, as custodian, securities for companies under the supervision of the State Board of Insurance Commissioners, as well as the State Banking Department, we kindly request your opinion on the following questions:

"1. Is the above Act retroactive covering all deposits made prior to this amendment, or does it apply only to deposits made after the effective date of this law?

"2. Has there been a similar amendment enacted for Senate Bill No. 165 removing the requirement of transfers of vendor's lien or mortgage notes on deposits made by companies under the supervision of the State Banking Department? If so, what is the effective date of said amendment?

"3. Under any condition in which transfer of lien is required by law, does the endorsement written on the margin of vendor's lien or mortgage notes 'without recourse' and signed by the company constitute a legal transfer of lien?"

Article 4740 of the Revised Civil Statutes of 1925, as amended by S.B. No. 8 of the 48th Legislature at its Regular Session, provides:

"Any life insurance company now or which may hereafter be incorporated under the laws of this state may deposit with the Board of Insurance Commissioners for the common benefit of all the holders of its policies an annuity bonds, securities of the kinds in which, by the laws of this state, it is permitted to invest or loan its capital, surplus, and/or reserves, equal to the legal reserve on all its outstanding policies in force, which securities shall be held by said Board of Insurance Commissioners in trust for the purpose and objects herein specified. The physical delivery of such securities to the Board of Insurance Commissioners shall be sufficient without being accompanied by a written transfer of any lien securing them. Any such company may deposit lawful money of the United States in lieu of the securities above referred to, or any portion thereof, and may also, for the purposes of such deposit, convey to said Board of Insurance Commissioners in trust the real estate in which any portion of its said reserve may be lawfully invested. In such case, the Board of Insurance Commissioners shall hold the title thereto in trust until other securities in lieu thereof shall be deposited with it, whereupon it shall reconvey the same to such company. Said Board of Insurance Commissioners may cause any such securities or real estate to be appraised and valued prior to their being deposited with, or conveyed to, it in trust as aforesaid, the reasonable expense of such appraisement or valuation to be paid by the company. Under the provisions of this Article, registered as well as unregistered United States Government securities may be deposited."

It is the general rule that legislative acts speak prospectively and not retrospectively, unless such retrospective feature is clearly manifest from the language of the Bill. We find nothing in the above-quoted amendment that would take the case out of the ordinary rule. So that, your first question is answered that the Act is not retroactive so as to cover all deposits made prior to the effective date of the amendment, but that it applies only to deposits made after the effective date of the law.

We assume that your reference to S.B. No. 165 in your second question is to S.B. No. 165, Chapter 165 of the 42d Legislature at its regular session in 1931. (Rev.Civ.Stat.Art. 1524a, Vernon's Codification).

This Act does not purport to require transfers (actually) of the liens securing debts or obligations--securities--deposited with any corporate trustee in the manner therein pointed out.

There has been no amendment of the Act in this respect.

In this connection, however, we will say that it may have been the departmental practice of the Banking Commissioner in approving deposits with trustees, under the terms of S.B. 165 to require that where liens were involved a written transfer of the lien, as well as the notes or securities themselves, should be executed. Authority to make such requirements is implied from the statute requiring deposits, and such a practice should be followed. See our Opinion No. O-4535.

A lien upon property as such has no legal existence in law apart from the debt or obligation secured thereby. So that, anything that would operate to transfer the note or other instrument evidencing the debt, would operate in law to transfer the equitable lien securing it. Such equitable transfer, however, would not be adequate to meet the State's requirement of deposit, for it would not be subject to registration to protect the holders of such securities against the supervening right of an innocent purchaser of the mortgaged property.

Your third question is answered in the negative. The endorsement upon a vendor's lien or mortgage note of the words, "without recourse", has nothing to do with the question of the transfer of a lien securing such note. It merely operates to avoid liability of the endorser as a guarantor of payment, but it does not affect the completeness of the transfer evidenced by the signature of the transferor. As above explained, this transfer of the note (as by endorsement) would operate to transfer the equitable title to the lien, but not the legal title. For these reasons, in order to transfer the legal title to the lien, it should be done by a properly executed instrument of writing. We so held in Opinion No. O-4535, dealing with a similar question of securities deposited with the Board of Insurance Commissioners under Article 4982 of the Revised Civil Statutes.

What we have said about the registration of liens, however, refers only to liens upon land. Chattel mortgage liens, however, while they may not be registered in the way that liens upon realty are registered, are nevertheless subject to the statutes regulating chattel mortgages upon personal property generally, but with reference to automobiles, specifically, by compliance with the provisions of the Certificate of Title Act.

These suggestions thus volunteered may be of little or no value in your particular inquiry, however, as the securities thus deposited, whether with a corporate trustee or with the State Treasurer, under the most recent amendment of the Statute (1937) have to be approved by the Banking Commissioner.

The principles applicable are discussed in Wood v. Sparks, 59 S.W. (2) 361, 63 S.W. (2) 1109.

In oral explanations of your question No. 3, you have made it plain that your inquiry concerning the method of transferring liens securing deposit notes concerned liens securing deposits made by loan and brokerage companies under Senate Bill 165.

Trusting that what we have said fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ Ocie Speer
By   Ocie Speer, Assistant

APPROVED FEB 21, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

OS-MR:wb